## ANDREWS vs. WHEATON.

Where a tribunal has no jurisdiction, by law, over a cause, the parties can not, by consent, confer it.

The declaration, in an action of *assumpsit*, embraced a count upon a promissory note, and the common counts, and, before any bill of particulars was filed, an auditor was appointed, by agreement of the parties, who were heard by him, without objection as to his power, or appointment. Having made his report, the same was accepted by the court, although no claim, other than said note, was made the ground of recovery, and judgment was rendered in favor of the plaintiff. Held, that there was no error in the proceeding.

The tenant of the plaintiff, owning a quantity of hay, subject to a lien thereon, in favor of the latter, sold the same to the defendant, who gave his promissory note therefor, to the plaintiff, to be applied, in payment of said tenant's rent. In an action upon such note, it appearing that the tenant, in presence of the plaintiff, misrepresented the value and quantity of said hay, and that the defendant had received only a part of the same, and refused to take the remainder; it was held, that there was a partial failure of the consideration of said note, and that the plaintiff was only entitled to recover the value of the hay, actually used by the defendant.

THIS was an action of *assumpsit*, brought to the county court, for Litchfield county, and thence appealed to the superior court.

The declaration embraced a count upon a promissory note, and the common counts. Before any bill of particulars had been filed by the defendant, an auditor was appointed in said cause, by consent of the parties, who, after a hearing, made his report to said court, at the term, holden in February, 1854, substantially as follows.

On the 12th day of February, 1849, the plaintiff executed a lease of land, situated in Cornwall, to one John S. Williams. In the month of September, 1850, said Williams had a quantity of hay, in the barn on said farm, estimated by him to be fifteen tons; which hay was his property, subject only to a provision, in said lease, to the effect, that the plaintiff should have a lien thereon, as security for the payment of said tenant's rent. Said Williams made application to the defendant, to sell to him said hay, and recommended

it to be good horse hay, and estimated the quantity to be about fifteen tons. Williams and the defendant went to said barn, for the purpose of examining the quality and quantity of said hay, which was not in a situation to be thoroughly examined by the defendant; but no contract was fully completed, at that time, between the defendant and said Williams. Afterward, in said September, Williams notified the plaintiff, that he had bargained with the defendant, for the sale of said hay, for the sum of one hundred dollars. On the 2nd day of October, 1850, said Williams was indebted to the plaintiff, for the rent of said farm, in the sum of one hundred dollars and upwards, which debt the plaintiff was desirous of securing; and on said day, the plaintiff and defendant went to said barn, and there met said Williams, and the defendant again examined said hay, which was in the same situation as when the defendant and said Williams were there before; at which time said Williams, in the presence of both plaintiff and defendant, recommended said hay to be good hay, and said it was cut upon said farm, and was in quantity fifteen tons. The hay appeared in said barn, like good horse hay, as far as the defendant could discover. The plaintiff informed the defendant, at the time they went to look at said hay, that said Williams had told him, that the defendant had agreed, if he took said hay, to give the plaintiff the defendant's note, for the sum of one hundred dollars, which note was to apply on the rent due from said Williams to the plaintiff. On the 2nd day of October, 1850, the defendant purchased said hay, for the sum of one hundred dollars, and, at the request of said Williams, executed and delivered to the plaintiff his promissory note for one hundred dollars, payable on the first day of April, 1851. Upon the receipt of said note, the plaintiff released and discharged said Williams from the payment of the sum of one hundred dollars, due the plaintiff, on his rent. Said Williams, at the time of the sale of said hay, misrepresented the quality and

quantity of said hay, a portion of which was badly cured, exposed to the rain, and was not all cut on the meadow, or meadows, as represented by said Williams, to the defendant, and was not good horse hay, and fell short in quantity.   The whole of said hay was actually worth the sum of fifty-one dollars; and the defendant moved, and fed out but three and one-half tons of said hay from said barn; the remainder was never taken by any person; the hay, so actually removed by the defendant, was worth twenty-one dollars.   The plaintiff had no interest whatever in the hay in said barn, and Williams was not, in any way, his agent, any further than is expressed, or may be inferred from said lease.   The plaintiff had never seen the hay in said barn, prior to said sale, knew nothing of its quality, and had no knowledge that the representations of said Williams were false.

Against the acceptance of this report, the defendant remonstrated, on the ground, that said auditor was not legally appointed.   But the court found, that no bill of particulars, or claim other than said note, was presented, or made the ground of recovery in said action, and that said auditor was appointed, by agreement of the parties, who were heard by him, without objection from either of them, as to his power or appointment, and rendered judgment in favor of the plaintiff, in the sum of sixty dollars damages, and his costs.

The defendant, thereupon, by motion in error, brought the cause before this court.

*Hollister* and *Andrews*, in support of the motion, contended,

1. That the present, being an action of *assumpsit*, upon a note, and not upon an account, no evidence of account having been offered to the auditor, it is not within the statute of 1850, authorizing the appointment of auditors, in an action of *assumpsit*, upon an account.

No consent of parties can confer jurisdiction upon a tribunal, which has no authority, by law, over the subject matter of the dispute.   2 U. S. Dig., 675.   5 U. S. Dig., 251.

2. That the defendant in error sold his interest in the hay, for the note in question, and thus, the hay is the true consideration of the note. This being true, a failure of consideration may be shown, by which the note becomes entirely void. 7 Cow., 322. 6 Conn. R., 521. 11 Johns. R., 50. 1 Conn. R., 329. 11 Conn. R., 432, 438.

*J. H. Hubbard* and *Wheaton*, contra, contended,

1. That, under the present action of *assumpsit*, the plaintiff could have proved the sale of goods, money loaned, promissory notes, work and labor performed for the defendant, and many other items, chargeable in an account, and therefore, that said action was within the statute of 1850.

2. That the defendant waived all objections to the appointment of an auditor. He consented to the appointment, went to trial without objection, has put the plaintiff to the expense of a trial, and delayed the termination of the suit. *King* v. *Lacy*, 8 Conn. R., 500. *Selleck* v. *The Sugar Hollow T. P. Co.*, 13 Conn. R., 453. *State* v. *Smith*, 19 Conn. R., 494. *Crane* v. *Daniels*, 20 Conn. R., 332. *Town of Groton* v. *Hurlbut*, 22 Conn. R., 178. *Kelley* v. *Smith*, 1 Black. R., 290.

3. That, upon the facts found by the auditor, the court should have rendered judgment for the plaintiff, in the whole amount of the note. *Pulsifer* v. *Hotchkiss*, 12 Conn. R., 234.

ELLSWORTH, J. The objection, that this case was improperly sent to an auditor, cannot, we think, be sustained. The claim is, that the parties, by an agreement of their own, created a tribunal to try their cause, which the law does not recognize, and whose proceedings cannot lay the foundation for any judgment of the court.

The principle, supposed to be involved in this objection, is undoubtedly correct, and in its general application, of unquestionable importance. For no one pretends, that parties, of themselves, can create courts of justice, or judges,

or other tribunals, or clothe them with legislative authority : these can be created only by the legislature. Arbitrators may be chosen by the parties, and clothed with such power and authority as they agree to, and their doings will, in that case, be as final and conclusive as the judgment of a court would be; not however, as the doings of a court, constituting an integral part of the judiciary of the state, but the court of the parties. The report of the auditor, in this case, cannot, as we think, be considered as an act unauthorized by the superior court.

By the law of 1850, auditors can be appointed, in actions of *assumpsit*, if the cause of action embraces matter of account. This declaration, certainly, may embrace such matter; for, it contains all the common counts, and the defendant is actually found liable for the hay of the plaintiff, which he took away, and subsequently used. Of course, in the preliminary stage of the trial, acting upon the record, as it stood, the court had full power to appoint an auditor. The court could not know, without a bill of particulars, what accounts, or charges, or claims, would be presented before the auditor. Besides, the parties agreed to the course pursued, and we cannot now hold, that the court wrongfully assumed jurisdiction, in reference to this matter.

Moreover, as the contrary did not appear, and the parties, in open court, agreed, that it was a proper case to go to auditors, the court might well proceed upon that assumption, and the parties ought to be estopped from raising such an objection, after the result of a trial. Their agreement was made, on purpose to facilitate the trial over which the court had jurisdiction, and why should not the parties abide by it? The case is not unlike one of frequent occurrence in our courts, where the parties are held to waive an objection to the judge, commissioner, juror, or the panel of jurors, by the course pursued. Eleven jurors do not constitute a full panel, but they may be treated as a full panel, by the agreement of the parties. So, informal testimony may be

received on the trial, and it is no uncommon thing for a judge, the parties wishing it, to refer a matter to a member of the bar, on the spot, to examine and report the facts, and then himself adopt the report, as his own finding. In this instance, Mr. Peet, a member of the bar, was agreed upon, to find and report the facts in controversy, and he acted on such reference, for all concerned, in the capacity of an auditor. If he were not exactly and technically such, yet he may be treated as such. The parties appeared before him, tried their cause, and took each his chance for a finding in his favor. Now we ask, what jurisdiction, unknown to the law, or unsanctioned by it, is assumed in this instance, or what court, or judge, or trial, is created, contrary to the law? The superior court, certainly, had general jurisdiction of the cause, and power to bring it to a conclusion, and slight irregularities in its proceedings, at the request of the parties, ought not to be received, to defeat the result arrived at. It may be true, that, on the trial before an auditor, the party may present his claim, or his defence, in an exceptionable and illegal manner, but, even if it were so in this case, this is not the exact objection urged by the defendant, and if it were, it cannot make the original appointment of the auditor erroneous, and unauthorized. In *King* v. *Lacy*, 8 Conn. R., 500, the court appointed an auditor, when the pleadings stood on a demurrer, yet the court held, that the party had waived the irregularity. In *Selleck* v. *Sugar Hollow T. P. Co.*, 13 Conn. R., 453, the court say, that the objections to the qualifications of jurors may be waived. So in *State* v. *Smith*, 19 Conn. R., 494; *Crane* v. *Daniels*, 20 Conn. R., 332; *Quinebaug Bank* v. *Leavens*, 20 Conn. R., 87; *Groton and Ledyard* v. *Hurlbut et al.*, 22 Conn. R., 178, similar principles are recognized, sustaining all that is held in this case.

The plaintiff contends, that he was no party to the supposed unfairness or fraud practiced by Williams, his tenant, and so, cannot be affected by it. In the opinion of the court, the plaintiff was a participator in the whole trans-

action, as the real owner, and is to be held responsible, as much as if he was the exclusive vendor.

We think, also, that the partial failure of consideration of the note, can be set up in the defence. At this day, a cross action to obtain relief, in such a case as this, is not believed to be necessary,—the rule is much more liberal now, than it was formerly. It is our opinion, then, that the plaintiff was entitled to recover; but only for the amount of the hay which the defendant took away, and afterwards used. Beyond this, upon the evidence, we think the party not entitled to recover; for we hold, as to the rest, that the consideration failed. There is manifest error.

In this opinion the other judges concurred, except CHURCH, C. J., who was disqualified.

Judgment reversed.