FRANK H. TURKINGTON, TRUSTEE, *vs.* THE FIRST NATIONAL BANK OF NEW MILFORD.

First Judicial District, Hartford, January Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Where the cashier of a bank, with the approval of the president thereof, accepted from a depositor a deposit to be applied for a special purpose for the benefit of a third person, the bank could not then deny the authority of the cashier or the receipt of the money as such special deposit, or claim a lien or set-off for indebtedness due it, since it was bound to the special undertaking and could not, while retaining the fund, assert a claim inconsistent therewith.

In a suit by the trustee in bankruptcy of the depositor to recover the balance of the fund, it appeared that the purchase price of mortgage bonds issued by the corporate bankrupt had been specially deposited with the bank to be held and applied to pay for improvements on the mortgaged realty. The mortgagee, a nonresident, was made a party to the action, but was not served with process and did not appear. *Held* that in the absence of the mortgagee the trustee had no right as against the depositary to recover the balance as general assets of the bankrupt, until the sufficiency of the mortgage security was ascertained.

Submitted on briefs January 3d—decided March 8th, 1922.

ACTION by a trustee in bankruptcy to recover the balance of a special bank deposit, as assets of the bankrupt, brought to and tried by the Superior Court in

Litchfield County, *Wolfe, J.;* facts found and judgment rendered for the plaintiff for $2,735, and appeal by the defendant. *Error and cause remanded.*

In 1913 a Mrs. Johns of New York City bought thirty first-mortgage bonds of the Tobacco Production Company of New Milford, Connecticut, for $28,500, upon the understanding and agreement that the purchase-money should be deposited in a separate fund in the First National Bank of New Milford, and checked out for purposes of construction and equipment of the mortgaged plant. At that time E. J. Sturges was treasurer of the mortgagor corporation and also cashier of the bank, and the agreement above outlined is evidenced by the following writing addressed to Mrs. Johns: "May 27th, 1913. Dear Madame: We hereby acknowledge the receipt of your certified check for $28,500, payable to our order, the same being in payment for thirty (30) first mortgage bonds of this company. It is understood and agreed by the Company that the $28,500 aforesaid will be deposited in a separate fund in the First National Bank of New Milford and checked out only for the following purposes: First: On account of the expenses of the construction of the new mill at Wellsville, where the plant is located. Second: On account of the purchase of machinery and other necessary equipment for the same. Third: On account of the repair, improvement or necessary equipment of the present factory and property at Wellsville, now owned by the company. Fourth: Commission of brokers in connection with the sale of bonds to you.

"Yours very truly,

Tobacco Production Company,

By E. J. Sturges, Treasurer.

"As cashier of the above bank I guarantee that the above will be carried out. E. J. Sturges, Cashier."

The president of the bank, Seymour Green, was con-

sulted, and with his knowledge and approval the deposit was received as a special account to be paid out only for the agreed purposes.

In June, 1915, it had been so paid out except for a balance of about $2,500. At that time Sturges was no longer connected with the bank, and the whole balance was applied by the bank in part payment of an overdue note of the tobacco company given to the Bridgeport National Bank, the latter bank having charged the amount of the note against the account of the New Milford Bank and forwarded the note to it for collection. On September 8th, 1919, the Tobacco Production Company was adjudged bankrupt, and the plaintiff appointed its trustee. Shortly afterward he made demand on the bank for the balance above mentioned and brought this action.

The defendant bank moved to cite Mrs. Johns in as a defendant, alleging that she had already brought an action in the Superior Court for Litchfield County against the tobacco company and the bank to recover the same balance, which action was then pending.

The motion was granted and Mrs. Johns was notified by registered mail of the pendency of this action and received a copy of the writ, complaint and order of notice, but did not appear.

*William F. Henney* and *John F. Addis,* for the appellant (defendant).

*John H. Lancaster* and *William M. Foord,* for the appellee (plaintiff).

BEACH, J. The lapse of time between the appropriation of the fund by the bank in 1915 in satisfaction of the alleged indebtedness of the Tobacco Production Company, and the appointment of the trustee in bankruptcy in 1919, did not of itself change the

status created by the original deposit and agreement, and according to the. finding that status has not been changed by any act or omission of the tobacco company. The claim is now made by the bank that Sturges, as cashier, had no authority to accept the fund as a special deposit, and that it was received and held by the bank as a general deposit, so that it was at all times applicable to the payment of any indebtedness of the tobacco company to the bank. This claim is answered by the findings that the president of the bank was consulted and approved of the agreement made by the cashier, and that the fund was treated as a special deposit and dealt with according to the contract for two years before the bank claimed the right to appropriate it.

It is too late for the bank to deny that it received this deposit as a special deposit, to be applied only to the purposes agreed on; and even if it were found, as it is not, that the tobacco company was actually indebted to the bank in June, 1915, the law is well settled that in such cases a bank cannot assert a lien or setoff inconsistent with its special undertaking. 1 Morse on Banks & Banking (5th Ed.) § 325, and many cases cited.

In this particular case Mrs. Johns still retained a special property in the fund. It is true that she had received her mortgage bonds, but so long as the entire fund had not been applied to augment her security she had not received the entire consideration agreed for by the terms of the special deposit. And in the meantime the fund was deposited with the bank which was a party to the agreement, and has had the use of the money in its business. That being the situation, it is perfectly clear that the bank had no right to appropriate any part of the fund in satisfaction of a claimed indebtedness of the tobacco company incurred in the ordinary course of its business.

For the same reasons it seems equally clear that the

trustee is not entitled to the possession of the fund; at least that he is not entitled to recover it on the allegation of this complaint that it is a credit in favor of the corporation and "a part of the assets of said bankrupt." If the tobacco company were still a going concern it would have no right to the possession of the fund except for the purposes agreed on, nor could its general creditors reach it by garnishment or otherwise. The bankruptcy doubtless put an end to the possibility of using the fund to augment the security of the bonds in the manner agreed. But until the sufficiency of the security described in the mortgage is established, we think the trustee has no right, as against the special depositary of the fund, to recover the balance in Mrs. Johns' absence as assets of the bankrupt. Mrs. Johns was not bound to appear when notified, for this is a purely personal action to recover a debt alleged to be due from the bank to the corporation; and in her absence we think the trustee is not entitled to recover the fund on that theory. If the trustee had intervened and filed a counterclaim in Mrs. Johns' action already pending, the difficulty arising from want of parties would not have stood in the way of a final determination.

In *Conklin* v. *Guaranty Trust Co.*, 266 Fed. Rep. 361, it was held that a trustee in bankruptcy who sued to recover an alleged general deposit, was not entitled to recover a special deposit in which a third person, not a party to the action, was interested. The case was disposed of on a point of pleading, but necessarily on the ground that the trustee stood in the shoes of the bankrupt.

There is error and the cause is remanded with direction to set aside the judgment for the plaintiff, and for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.