ISIDORE SAMSON ET AL. *v.* MICHAEL A. BERGIN

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 7—decided October 30, 1951

*Charles S. Bradford,* for the appellant (defendant).

*Milton A. Bernblum,* with whom were *Marvin C. Gold* and, on the brief, *Annette E. P. Gold,* for the appellees (plaintiffs).

O'SULLIVAN, J. The plaintiffs brought this action to recover on a judgment in the amount of $1373.50 entered in their favor against the defendant on February 8, 1949, in the Supreme Court of the state of New York. The Court of Common Pleas, to which the present action was returned, rendered judgment for the plaintiffs, and the defendant has appealed.

The following facts, found by the court, are undisputed: The plaintiffs live in New York City, where they manufacture clothing. The defendant resides in Wilsonville, Connecticut, and is there engaged in the business of selling woolen goods. During December, 1947, he entered into a written contract with the plaintiffs at Wilsonville for the sale of certain fabrics. The contract contained the following provision: "Any complaint, controversy or question which may arise with respect to this contract that cannot be settled by the parties thereto shall be referred to arbitration. If the

controversy concerns the condition or quality of merchandise it shall be referred to the Mutual Adjustment Bureau of the cloth and garment trades pursuant to the rules and regulations thereof. All other controversies shall be submitted to The American Arbitration Association."

When the defendant failed to make the agreed deliveries, the plaintiffs claimed that they had thereby suffered damages and made written demand upon the defendant to arbitrate the matter. The plaintiffs sent a copy of the demand to the American Arbitration Association with a request that it proceed to arbitrate the dispute. Pursuant to its rules, the association sent a list of persons to the parties to obtain an expression of their preference in the selection of the board of arbitrators. After it became apparent that the defendant proposed to take no action to indicate his choice, the association appointed three arbitrators and notified the defendant by registered mail of the date set for a hearing in New York City. The hearing was had at the place and time scheduled, but the defendant failed to appear or take any part therein. On November 30, 1948, the board made its award in favor of the plaintiffs in the amount of $1348.50 and notice thereof was sent by mail to the defendant. An application to confirm the award, subsequently addressed by the plaintiffs to the Supreme Court of the state of New York, was granted, and judgment was entered in their favor. The defendant was not served with process in New York. His knowledge of the step being taken by the plaintiffs came from the receipt of a letter inclosing a copy of the application to confirm. He did not enter his appearance in the Supreme Court and completely ignored the proceeding. The decisive question on this appeal is whether the Court of Common Pleas was correct in holding that the New York court had

jurisdiction to render judgment in personam against the defendant.

As applied to a court, the word "jurisdiction" means the power to hear and determine a cause. *Shelton* v. *Hadlock,* 62 Conn. 143, 151, 25 A. 483; *New Haven Sand Blast Co.* v. *Dreisbach,* 104 Conn. 322, 329, 133 A. 99; *Gardner* v. *East Rock Lodge,* 96 Conn. 198, 209, 113 A. 308; *Woodmont Assn.* v. *Milford,* 85 Conn. 517, 524, 84 A. 307. Jurisdiction of the subject matter is derived from the government creating the court. *Low* v. *R. P. K. Pressed Metal Co.,* 91 Conn. 91, 97, 99 A. 1. It can never be conferred by consent of the parties. *Long* v. *Zoning Commission,* 133 Conn. 248, 252, 50 A. 2d 172; *Marcil* v. *A. H. Merriman & Sons, Inc.,* 115 Conn. 678, 682, 163 A. 411; *Parker, Peebles & Knox* v. *El Saieh,* 107 Conn. 545, 557, 141 A. 884; *Andrews* v. *Wheaton,* 23 Conn. 112, 115. The question before us does not involve a consideration of jurisdiction of the subject matter, since the New York court possessed legislative authority to enter judgment upon the award of arbitrators. N. Y. Civ. Prac. Act § 1461 et seq. The defendant's grievance lies in his claim that the Supreme Court of New York had not acquired jurisdiction of his person.

Ordinarily, a court obtains jurisdiction of the person of a nonresident by service made upon him in the state of the forum. *Turkington* v. *First National Bank,* 97 Conn. 303, 307, 116 A. 241; *Smith* v. *Gilbert,* 71 Conn. 149, 153, 41 A. 284; see *Receivers Middlesex Banking Co.* v. *Realty Investment Co.,* 104 Conn. 206, 213, 132 A. 390. Process of one state cannot run into another to summon parties from their domicils to respond to proceedings in personam against them. *Baker* v. *Baker, Eccles & Co.,* 242 U. S. 394, 403, 37 S. Ct. 152, 61 L. Ed. 386; *Pennoyer* v. *Neff,* 95 U. S. 714, 727, 24 L. Ed. 565; 1 Beale, Conflict of Laws, § 74.4. A non-

resident upon whom service has not been had within the state may, however, submit to jurisdiction by consent. This may be given in various ways. 44 Harv. L. Rev. 1276 n. 2. The most usual example is when the defendant voluntarily enters a general appearance. 1 Beale, op. cit., § 82.1; see *G. M. Williams Co.* v. *Mairs*, 72 Conn. 430, 434, 44 A. 729. The trial court decided the instant case upon a further theory that a party may agree, even before litigation arises, to submit to the jurisdiction of a foreign court. It concluded that, in entering into the written contract with the plaintiffs, the defendant consented to be bound by the rules of the American Arbitration Association; that, as these rules permit the association to determine the locality for the arbitration hearing, should the parties be unable to fix it themselves, the defendant agreed to participate in the hearing which eventually was held in New York City; that, pursuant to § 39 of the rules, the defendant agreed that "process necessary or proper . . . for entry of judgment on an award" made in such proceedings might be served on him by mail; and that, as the contract thus provided for arbitration in New York, the defendant is deemed to have given his consent "to the jurisdiction of the supreme court of [that] state to enforce such contract or submission." N. Y. Civ. Prac. Act § 1450.[1]

The fallacy of this conclusion is that the defendant did not agree to be bound by the rules of the association or to arbitrate in New York. The contract is silent on the situs of arbitration and did not incorporate the rules by reference. To be sure, controversies involving the quality of the merchandise were to be submitted "to the Mutual Adjustment Bureau of the cloth and

---

[1] In 1951, the New York legislature added after the word "submission" the following: "and to enter judgment on an award thereon." N. Y. Laws 1951, c. 260.

garment trades pursuant to the rules and regulations thereof." All other controversies were to be submitted to the American Arbitration Association. No mention was made of its rules. The court, however, found that the defendant had "constructive knowledge" of them, and on the basis of this finding it concluded that he had submitted to be bound thereby. We take it that the expression "constructive knowledge" was intended to mean implied knowledge, that is, the knowledge which the court felt that it might reasonably and logically attribute to the defendant from other proven facts. It is the absence of essential facts, however, which shows the lack of sufficient support for this inference. Further, the court did find that the defendant had had no previous experience with the association and knew nothing about its rules. It also found that, when the contract was executed, neither party referred to them in any manner. Indeed, there is nothing in the finding to indicate that the defendant was aware of the existence of any rules at all or of the locality where the association operated. The finding must be corrected by striking out the fact that the defendant had constructive knowledge of the rules of the association. *General Petroleum Products, Inc.* v. *Merchants Trust Co.*, 115 Conn. 50, 58, 160 A. 296.

Obviously, there was no express consent given by the defendant to arbitrate in New York and thus to subject himself to the courts of that state. Nor, as pointed out above, were any facts found to justify the inference of implied consent or to indicate conduct on his part which would effect the same result. Restatement, Judgments § 18, comment g. The cases cited by the plaintiffs are not in point. In most of them, express consent to arbitrate at a specified place was given. *Mulcahy* v. *Whitehill*, 48 F. Sup. 917; *Sturges & Burn Mfg. Co.* v. *Unit Construction Co.*, 207 Ill. App. 74;

*Gilbert* v. *Burnstine,* 255 N. Y. 348, 174 N. E. 706; *Matter of Heyman, Inc.* v. *Cole Co.,* 242 App. Div. 362, 275 N. Y. S. 23. In another cited case, the rules of the American Arbitration Association were by reference made a part of the contract. *Matter of Bradford Woolen Corporation* v. *Freedman,* 189 Misc. 242, 71 N. Y. S. 2d 257. An interesting article upon the subject under discussion appears in 48 Columbia Law Review 366.

No principle is more universal than that the judgment of a court without jurisdiction is a nullity. *Clover* v. *Urban,* 108 Conn. 13, 17, 142 A. 389; *Wood* v. *Watkinson,* 17 Conn. 500, 503; *Strong* v. *Strong,* 8 Conn. 408, 412; 1 Freeman, Judgments (5th Ed.) p. 668; 31 Am. Jur. 72, § 409. Such a judgment, whenever and wherever declared upon as a source of a right, may always be challenged. Restatement, Judgments, § 11, comment c; see *Frick* v. *Hartford Life Ins. Co.,* 98 Conn. 251, 255, 119 A. 229. This does not offend the full faith and credit clause of the federal constitution. *Williams* v. *North Carolina,* 325 U. S. 226, 229, 65 S. Ct. 1092, 89 L. Ed. 1577; see *Rice* v. *Rice,* 134 Conn. 440, 445, 58 A. 2d 523; *Hooker* v. *Hooker,* 130 Conn. 41, 47, 32 A. 2d 68. Nor does it violate the principles of comity. *Freund* v. *Burns,* 131 Conn. 380, 385, 40 A. 2d 754. The trial court was in error in failing to hold the New York judgment void for lack of jurisdiction of the defendant.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.