[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT LARICCIA'S MOTION TO REOPEN JUDGMENT
In this case, a police officer was injured in May of 1991. He alleges that Donald Ruff and the defendant Michael LaRiccia assaulted him causing severe injuries. Suit was commenced against these two men with a return date of April 2, 1993. The sheriff in his return indicated he made abode service on Michael LaRiccia at 152 Oxford Road, Oxford, Connecticut. A default was entered against both defendants for failure to appear on June 15, 1993. A hearing in damages was held on March 26, 1995. Judgment was entered against Mr. LaRiccia as follows: for John Halpin on the first count alleging negligence $195,000, on Mary Halpin's loss of consortium claim $22,500 in damages. CT Page 6857
Some time in March 1998 a Petition for Examination of Judgment Debtor was served on or otherwise received by Mr. LaRiccia. On March 31, 1998, counsel for Mr. LaRiccia filed a Motion to Reopen Judgment which is now before the court. An evidentiary hearing was held on the motion at which Mr. LaRiccia and his mother, Anna Place, testified. The plaintiff presented no witnesses.
It appears to the court that the defendant has met his burden of establishing at least by the preponderance of the evidence that on the date that abode service was made he did not live in Oxford at 152 Oxford Road but at 97 Schoolhouse Road Naugatuck. Although over the course of the years he has lived at several addresses some of which he could not remember, Mr. LaRiccia was adamant that he did not live at the Oxford Road address. Some corroboration is lent to his position because of the fact that soon after receiving the petition for examination he apparently immediately contacted a lawyer. In any event, although Mr. LaRiccia has had felony convictions, the nature of those convictions and whether they went to veracity as opposed to being convictions, for assault or narcotics involvement was not made clear nor was the date of the convictions indicated. No evidence was presented by the plaintiff of any kind to establish that LaRiccia lived at the Oxford address at the time of service. And even as to notice of the pendency of the action against him the only evidence at the hearing was that on one occasion LaRiccia said he saw Ruff who told him, LaRiccia, that he had been sued by Halpin but LaRiccia testified Ruff said nothing about a suit against him, LaRiccia. Ruff was not subpoenaed by either party to testify in court and his absence was not commented upon.
Mrs. Place, the defendant's mother, testified. She stated the defendant's father was Michael Anthony LaRiccia. She divorced him when her son, the defendant, was two or three and to her knowledge the last time the father, Michael, saw his son was when the defendant was four years old. The mother, who appeared to be a credible witness, testified that she had a good relationship with her son and "always" kept in contact with him. To her knowledge, he never lived at 152 Oxford Road and she never visited the defendant at that address. It should be noted that the defendant also testified that he last saw his father when he was two or three.
The defendant also offered into evidence a newspaper article CT Page 6858 from the Bridgeport Daily Telegraph cut out from that paper by Mrs. Place and dated December 12, 1988. The only objection offered to the article at the time it was offered was relevance; the court overruled that objection. The article is an obituary and indicates a Michael Anthony LaRiccia had died Sunday, December 11, 1988. The article lists his address as 152 Oxford Road, Oxford. It does not list the defendant as a son. Mrs. Place remembered the father as having a sister Barbara and brothers Tim and Robert. The article lists the sister as Barbara and the brothers as Kim and Mark. The relevance of the article is apparent, however, because of the fact that it lists this individual with the same last name as the defendant, his father, as living at the address at which abode service was made on the defendant. This might explain the representation made by counsel for the plaintiff when he referred to a memorandum prepared by the sheriff to the effect that the sheriff made an investigation with the Postal Service which certified that Michael LaRiccia lived at 152 Oxford Road in April 1993. It is possible the Postal Service never changed its records despite the father's 1988 death, but in any event, the memorandum was never presented to the court, the sheriff was not subpoenaed by the plaintiff, neither was any post office representative or post office record offered. The court concludes that the defendant has established his burden of proving he did not receive notice of the suit abode service was ineffective to meet the basic requirements of due process notice because he did not live nor had he ever lived at 152 Oxford Road, Oxford, and no credible evidence has been presented that he was ever even informed of the pendency of the litigation prior to judgment.
The plaintiffs oppose the motion to reopen. They argue that under § 52-212 (a) of the General Statutes, it is stated that "unless otherwise provided by law and except in such cases which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months of the entry of judgment." The plaintiffs argue that the court is without jurisdiction to entertain this motion because it is untimely and the time limitation has not be waived. VanMendenburg v. Pam American World Airways, Inc., 196 Conn. 517,518 (1985).
The problem here is that the court never had jurisdiction to enter the judgment in the first place because it did not require jurisdiction over the defendant. CT Page 6859
 "No principle is more universal than that the judgment of a court without jurisdiction is a nullity. . . . Such a judgment, whenever and wherever declared upon as a source of right, may always be challenged."
Samson v. Bergin, 138 Conn. 306, 312 (1951).
A court is without power to render judgment if it lacks jurisdiction over the parties and service of process on a party in accordance with statutory provisions is a prerequisite the exercise of in personam jurisdiction over a party. White-BowmanPlumbing Heating, Inc. v. Biafore, 182 Conn. 14, 16-17 (1980). A court's authority to open judgments rendered without personal jurisdiction over the party against whom judgment has been entered "does not arise from General Statutes § 52-212 (a) or Practice Book § 326 but from its inherent power to open a judgment rendered without jurisdiction." Broaca v. Broaca,181 Conn. 463, 466-467 (1980); GMAC v. Pumphrey, 13 Conn. App. 223,227-229 (1988). The four month limitation set forth in §52-212(a) has no bearing because a court has inherent power "at any time to open and modify a judgment rendered without jurisdiction." Misinonile v. Misinonile, 190 Conn. 132, 134-135
(1983).
This defendant was not served personally and the court has concluded he was not served at his place of residence, §52-57(a) C.G.S.A.
 "Until notice is given to the defendant of the action or proceedings against (the defendant) and (the defendant) is thereby given opportunity to appear and be heard, the court has no jurisdiction to proceed to judgment against the defendant even though it may have jurisdiction of the subject matter." 62 Am.Jur.2d., Process § 3.
Abode service is an acceptable substitute for actual in hand service to establish notice but the defendant has to live at the place where such service has been made. That is not the case here. Nor does the court find, as previously indicated, that there has been any evidence presented to indicate the defendant learned of the action before judgment was entered so it is not necessary to deal with any complications that factor might CT Page 6860 present.
In any event, the motion to reopen is granted.
Corradino, J.