## BASIL E. KEISER *v.* ZONING COMMISSION OF THE TOWN OF REDDING ET AL.
## (AC 19681)

Schaller, Pellegrino and O'Connell, Js.

Argued November 28, 2000—officially released April 3, 2001

---

*Nancy Burton,* for the appellant (plaintiff).

*Michael N. LaVelle,* for the appellees (named defendant et al.).

*Opinion*

SCHALLER, J. The plaintiff, Basil E. Keiser, appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant zoning commission of the town of Redding (zoning commission)[1] granting an application for a special permit and site plan approval for the construction of a wastewater treatment facility. On appeal, the plaintiff claims[2] that the court improperly concluded that he did not have standing to appeal pursuant to General Statutes § 22a-19 (a).[3] We

[1] The other defendants in this case are the Gilbert and Bennett Manufacturing Company and the water pollution control commission of the town of Redding.

[2] The plaintiff also claims that the court improperly determined that the zoning commission had substantial evidence before it to support its approval of the special permit and site plan. Although the court found that the plaintiff lacked standing, it nonetheless reviewed the merits of the plaintiff's claim. "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." *Fuller* v. *Planning & Zoning Commission,* 21 Conn. App. 340, 346, 573 A.2d 1222 (1990). "[O]nce the trial court found that it lacked subject matter jurisdiction to hear the appeal . . . it was without authority to decide the case on the merits." *Cole* v. *Planning & Zoning Commission,* 30 Conn. App. 511, 513 n.1, 620 A.2d 1324 (1993). "No principle is more universal than that the judgment of a court without jurisdiction is a nullity." *Samson* v. *Bergin,* 138 Conn. 306, 312, 84 A.2d 273 (1951). We cannot, therefore, review a nullity. See *Cole* v. *Planning & Zoning Commission,* supra, 513 n.1.

[3] General Statutes § 22a-19 (a) provides: "In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, the Attorney General, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has,

agree with the plaintiff and reverse the judgment of the trial court.

The following facts and procedural history are relevant to the issues raised in this appeal. Pursuant to an abatement order issued by the Connecticut department of environmental protection, the town of Redding was required to construct a wastewater treatment facility. The defendant water pollution control commission of the town of Redding (pollution control commission) was charged with locating a proper site for this facility. It chose a 5.97 acre lot that abuts the Norwalk River and is owned by the defendant Gilbert and Bennett Manufacturing Company (G & B).

In August, 1995, the pollution control commission and G & B jointly filed an application with the zoning commission for a special permit and site plan approval for the construction of a wastewater treatment facility. Subsequently, the zoning commission scheduled a hearing to consider the application. Prior to the hearing, the zoning commission properly notified all abutting landowners of the hearing and their right to participate in it. Because the plaintiff did not own land abutting the site for the proposed facility, he was not entitled to participate in the hearing through that method.

The plaintiff, however, held an interest in land[4] located approximately 1.7 miles downriver from the proposed site. To participate in the hearing, the plaintiff properly filed a notice of intervention pursuant to § 22a-19 (a), in which he alleged that the wastewater treatment facility would have the effect of "unreasonably polluting, impairing or destroying the public trust in

or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."

[4] The plaintiff's interest in this land derives from a trust instrument. The trustee, however, is not a party to this action.

the air, water or other natural resources of the state." The plaintiff testified at the zoning commission hearing that the building site for the facility was contaminated with cinder fill and that any disturbance to this site would cause "hazardous" materials to be released into the river. The pollution control commission, however, countered this assertion by providing an engineering report on the site location. Although the engineering report acknowledged the cinder fill contamination, it noted that such materials were not "hazardous" to the environment. The zoning commission found that no unreasonable pollution would be released from the construction and operation of the wastewater treatment facility and, thus, approved the special permit and site plan.

Thereafter, the plaintiff appealed from the zoning commission's decision to the trial court, claiming that there was no substantial evidence to support the zoning commission's decision to approve the application for a special permit and site plan. In its February 17, 1999 memorandum of decision, the court found that the plaintiff had neither statutory standing under § 22a-19 (a) nor classical standing to appeal the zoning commission's decision. Nevertheless, the court went on to find that even if the plaintiff had standing, he could not prevail on the merits of his claim because there was substantial evidence supporting the zoning commission's decision. This appeal followed.

The plaintiff claims that the court improperly concluded that he lacked standing pursuant to § 22a-19 (a). We agree.

During oral argument to this court, the zoning commission conceded that the case of *Branhaven Plaza, LLC* v. *Inland Wetlands Commission*, 251 Conn. 269, 740 A.2d 847 (1999), is directly on point with regard to

this issue.[5] In that case, our Supreme Court held that "[s]ection 22a-19 (a) allows any person to intervene so that private citizens are provided a voice in ensuring that the natural resources of the state remain protected. Because the plaintiffs filed a notice of intervention at the commission hearings in accordance with § 22a-19 (a), they had standing to appeal the environmental issues associated with that commission's decision." Id., 276 n.9.

Like the plaintiffs in *Branhaven Plaza, LLC,* the plaintiff in the present case properly filed a notice of intervention at the zoning commission hearing in accordance with § 22a-19 (a). Accordingly, we conclude that he has standing to appeal environmental issues related to the zoning commission's decision.[6]

The judgment is reversed and the case is remanded for a hearing on the merits.

In this opinion the other judges concurred.

---

[5] We note that the trial court did not have the guidance of *Branhaven Plaza, LLC,* as the case was not decided at the time of the hearing.

[6] The plaintiff also claims that the court improperly found that he lacked standing under the classical aggrievement theory. Because we determine that the plaintiff has statutory standing to raise environmental issues associated with the zoning commission's decision and because he raises only those issues, we see no need to address this claim.