[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
FACTS AND PROCEDURAL HISTORY OF THE CASE 
The defendants, Gary and Linda Friedlaender, are the owners of property located at 835 Mullberry Point Road, Guilford.
The property is located in an R-2 (Residential) zone, and has been owned by the defendants since 1992 (ROR 5).
On July 1, 1997, the defendants filed an application seeking a street line setback variance, in anticipation of expanding their existing single family dwelling.
The Friedlaenders proposed to add a second floor to the structure, and make other improvements to the property.
The building plans contemplated an extension of a portion of the existing structure closer to the street, thus requiring a variance of the setback regulations.
The application for a variance (ROR 5) referenced the fact that the existing building is non-conforming as to side yard setbacks, and noted the opinion of the Guilford zoning enforcement officer that a side yard variance was not required, because no extension of the existing footprint into the setback area was contemplated. (ROR 5).
The Guilford Zoning Board of Appeals approved the setback variance on July 27, 1997.
No appeal from the granting of that variance was taken.
On October 15, 1997, Attorney Thomas Crosby, representing William Pinchbeck and the late Kristine Pinchbeck, wrote to the Guilford zoning CT Page 14360 enforcement officer, William McAvoy, requesting a written opinion concerning the need for a side yard variance, before the defendants Gary and Linda Friedlaender could undertake improvements to their property. (ROR 4).
In response to the inquiry, the zoning enforcement officer wrote: "Please be advised that the addition of a second story, over an existing structure, conforming to the same footprint, when said existing structure is legally non-conforming is not considered to be an increase in a non-conformity. In such an event, provided all other elements of zoning are met, a permit would be issued." (ROR 3).
Pursuant to § 8-7[1] of the General Statutes, the Plaintiffs decedent appealed, following receipt of the letter dated October 23, 1997, to the defendant Guilford Zoning Board of Appeals.
The appeal was initiated on November 6, 1997.
On December 3, 1997, the Guilford Zoning Board of Appeals denied the appeal, but did so "without prejudice."
The Plaintiffs decedent immediately filed a second appeal of the October 23, 1997 letter, requesting a hearing (ROR 1).
A hearing was properly noticed (ROR 9), and was scheduled for January 28, 1997. (ROR 2).
At the January 28, 1998 public hearing, the board heard only from Attorney Thomas Crosby, representing the plaintiffs decedent, Kristine Pinchbeck.
The defendants Gary and Linda Friedlaender did not appear, either personally, or through a representative.
The board did not hear from the zoning enforcement officer.
Attorney Crosby made reference to the Friedlaender's July, 1997 variance application, and the board's approval of a streetline setback variance (ROR 14, p. 3).
At the time of the July, 1997 public hearing on the variance request, the board knew that the Friedlaender's dwelling did not comply with the 8 foot side yard setback requirement established by the applicable provisions of the Guilford Zoning Regulations (ROR 15, Table 3). CT Page 14361
The July application alleged a five foot setback for the existing, non-conforming structure (ROR 5), while Attorney Crosby contended, based upon personal observation, that the setback was four feet (ROR 14).
He maintained that the provisions of § 273-14(A) of the Guilford Zoning Regulations required the Friedlaenders to obtain a waiver of the side yard setback requirements.
At the time, § 273-14(A) read:
 "No non conforming building or other structure shall be enlarged, extended, constructed, reconstructed or altered if the result would be an increase in or an extension of the nonconformity."
He argued that increasing the height of the building, using the existing side yard footprint, represented an increase in the existing nonconformity, due to the increased height of the building.
Following the January 28, 1998 hearing, but prior to a decision being rendered by the board, the Guilford Zoning Board of Appeals received an opinion letter from its attorney (ROR 8).
The letter, dated February 18, 1998, reviewed both the jurisdictional issues raised by the appeal which followed the zoning enforcement officer's October 23, 1997 letter, and the interpretation of the Guilford Zoning Regulations.
He pointed out that the letter from the zoning enforcement officer was dated October 23, 1997, and that the cover letter from Attorney Crosby is dated December 5, 1997.
He further noted that it was unclear whether the Friedlaenders as the owners of the property affected by the zoning variance, were given notice of the appeal pursuant to the applicable provisions of § 8-7[2] of the General Statutes (ROR 8, p. 2).
Counsel advised the board that the interpretation of § 273-14(A) given by the zoning enforcement officer was "reasonable."
However, he called the board's attention to § 273-27 of the zoning regulations, a section which had not been cited by either Attorney Crosby or the zoning enforcement officer.
That section provides: "Any new building, addition or other structure CT Page 14362 shall be set back the required minimum distance from a rear or side property line specified in Table 3 . . ." except in certain situations which do not apply in this case.
He reasoned that the new second story was an "addition," by the Friedlaenders, and a variance of this section would be required before a certificate of zoning compliance could be issued.
At its February 28, 1998 meeting, the Guilford Zoning Board of Appeals made a specific finding that it had jurisdiction to consider and entertain the appeal. (ROR 13).
The board proceeded to address the merits of the appeal, including the issue of whether § 273-27 of the zoning regulations applied to the circumstances represented.
The board voted unanimously (5-0) to deny the appeal, and to sustain the decision of the zoning enforcement officer.
From that decision, the Plaintiffs decedent commenced this appeal.
The defendants Gary and Linda Friedlaender moved to dismiss the appeal, claiming that the court lacked subject matter jurisdiction, in that the Plaintiffs decedent had failed to exhaust available administrative remedies.
The court (Downey, J) granted the motion to dismiss, finding that the administrative remedies available to the Plaintiffs decedent had not been exhausted, and that the Guilford Zoning Board of Appeals had no jurisdiction to hear an appeal from the October 23, 1997 letter of the zoning enforcement officer.
An appeal was taken to the Appellate Court, which, following the granting of certification, reversed the decision of the trial court.Pinchbeck v. Zoning Board of Appeals, 58 Conn. App. 74 (2000).
The Appellate Court remanded the case, in order for the trial court to determine whether an order, requirement, or decision of the zoning enforcement officer had been issued, from which an appeal to the Guilford Zoning Board of Appeals would lie.
On remand, the court (Pittman, J), after an evidentiary hearing, determined that the October 23, 1997 letter was "an order, requirement or decision by the zoning enforcement officer," which was properly appealable to the zoning board of appeals pursuant to § 8-7. CT Page 14363
Judge Pittman found that the appeal began on November 6, 1997 was timely, and agreed with the defendant Guilford Zoning Board of Appeals' decision to hear the appeal.
The court found that it had jurisdiction to "hear and decide the merits of this appeal," and ordered that the matter be set down "to hear and decide the merits of this appeal."
At the trial on October 29, 2002, aggrievement evidence was received, and argument was heard concerning the merits of the appeal.
AGGRIEVEMENT
The plaintiff William Pinchbeck, Executor of the Estate of Kristine Pinchbeck, is the husband of the decedent.
He was substituted as a party plaintiff, following the death of his wife.
The Estate of Kristine Pinchbeck is the owner of property at 829 Mullberry Point Road, Guilford, (Ex. 1 2), and William Pinchbeck is the beneficiary of the estate.
The property abuts 835 Mullberry Point Road, the parcel owned by Gary and Linda Friedlaender, for which a variance was sought in July, 1997.
Section 8-8 (1) of the General Statutes defines an aggrieved person as one "owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
Aggrievement is jurisdictional, and is a prerequisite for maintaining an appeal. Winchester Woods Associates v. Planning ZoningCommission, 219 Conn. 303, 307 (1991). The question of aggrievement is one of fact. Hughes v. Town Planning Zoning Commission,156 Conn. 505, 508 (1968).
The Plaintiff is the owner of land which abuts the property involved in the decision of the zoning board of appeals, from which this appeal is prosecuted.
It is therefore found that the Plaintiff, William Pinchbeck, Executor of the Estate of Kristine Pinchbeck, is aggrieved by the decision of the defendant Guilford Zoning Board of Appeals, which dismissed the appeal of Kristine Pinchbeck, and upheld the decision of the zoning enforcement officer. CT Page 14364
STANDARD OF REVIEW
When hearing an appeal from an order, request or decision of a zoning enforcement officer pursuant to § 8-7 of the General Statutes, a zoning board of appeals hears and decides the appeal de novo. Caserta v.Zoning Board of Appeals, 226 Conn. 80, 89-90 (1993); Conetta v. ZoningBoard of Appeals, 42 Conn. App. 133, 137 (1996).
It is the responsibility of the board to find the facts, and to apply the pertinent zoning regulations to those facts. Toffolon v. Zoning Boardof Appeals, 155 Conn. 558, 560-61 (1967); Wing v. Zoning Board ofAppeals, 61 Conn. App. 639, 644 (2001).
A zoning board of appeals is entrusted, within prescribed limits and consistent with the exercise of discretion, with the function of deciding whether a given regulation applies to a situation, and the manner of its application. Connecticut Sand Stone Corporation v. Zoning Board ofAppeals, 150 Conn. 439, 442 (1963).
In discharging this responsibility, the board is endowed with liberal discretion, and its action is subject to review by a court only to determine whether it was unreasonable, arbitrary, or illegal. Molic v.Zoning Board of Appeals, 18 Conn. App. 159, 165 (1989).
The burden is on the party seeking to overturn the board's decision, to demonstrate that it acted improperly. Pleasant View Farms Development,Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269-70 (1991).
Where the record reasonably supports the decision reached, a trial court should not substitute its judgment for that of the zoning board of appeals. Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 677 (1989).
The question of whether a particular statute or regulation applies to a given set of facts is a question of statutory interpretation, and presents a question of law for the court. Coppola v. Zoning Board ofAppeals, 23 Conn. App. 636, 640 (1990).
However, a municipal board or commission is in the most advantageous position to interpret its own regulations, and to apply them to the situation before it. New London v. Zoning Board of Appeals,29 Conn. App. 402, 405 (1992). Therefore, the position of the municipal land use agency is entitled to some deference. Roy v. Centennial Ins.Co., 171 Conn. 463, 473 (1976). CT Page 14365
If an administrative agency's time-tested interpretation of a regulation is reasonable, that interpretation is entitled to great weight by a reviewing court. Office of Consumer Counsel v. Dept. of PublicUtilities Control, 252 Conn. 115, 121 (2000); Doyen v. Zoning Board ofAppeals, 67 Conn. App. 597, 604 (2002).
Zoning Regulations, since they are in derogation of property rights, cannot be construed to include or exclude by implication, what is not clearly within its express terms. Park Construction Co. v. Planning Zoning Board of Appeals, 142 Conn. 30, 35 (1954).
A property owner should be able to ascertain from the regulations, how to use his property, in compliance with them. Planning ZoningCommission v. Gilbert, 208 Conn. 696, 705 (1988); Shell Oil Co. v. ZoningBoard of Appeals, 156 Conn. 66, 70 (1968).
THE GUILFORD ZONING BOARD OF APPEALS HAD JURISDICTION TO HEAR AND DECIDE THE PLAINTIFF'S APPEAL _____________________________________________________________
In her memorandum of decision, issued following remand by the Appellate Court, and an evidentiary hearing, Judge Pittman concluded that the court "has jurisdiction to hear and decide the merits of the appeal."
The defendants invite this court to revisit the findings and conclusions reached by Judge Pittman, and to dismiss the appeal without reaching the merits, based upon a lack of jurisdiction.
They contend that the initial appeal to the Guilford Zoning Board of Appeals was not timely, because the December, 1997 letter constituted a new appeal, and was not brought within 30 days of October 23, 1997, the date of the zoning enforcement officer's letter, as required by § 8-7, Connecticut General Statutes.
They further claim that notice was defective, and claim the appeal should have been taken based upon the June, 1997 conversation between the Friedlaender's architect, and the zoning enforcement officer.
None of these arguments are persuasive.
Judge Pittman's order directed that the "merits" of the plaintiffs appeal should be heard.
Were this court to find that it lacked subject matter jurisdiction, it would be compelled to dismiss the appeal, and would have no authority to CT Page 14366 decide this case on the merits. Keiser v. Zoning Commission,62 Conn. App. 600, 601 n. 2 (2001); Cole v. Planning ZoningCommission, 30 Conn. App. 511, 513 n. 1 (1993).
Although this court has the ability to reconsider an interlocutory order entered previously, to do so requires a finding that the law previously applied was clearly erroneous, and that following the prior decision would result in manifest injustice. Breen v. Phelps, 86 Conn. 86,99-100 (1982).
No such finding is possible here.
Both Judge Pittman and the Guilford Zoning Board of Appeals determined that an appeal was properly taken by the Plaintiffs decedent, within the applicable time limits.
The issue of the timeliness of the appeal was raised by the attorney for the Guilford Zoning Board of Appeals prior to final action (ROR 8, p. 2), and both Judge Pittman and the Appellate Court treated November 6, 1997 as the applicable date for determining when the appeal was initiated. Pinchbeck v. Zoning Board of Appeals, supra, 77.
The board, in denying the appeal "without prejudice" on December 3, 1997, was voting more than 30 days following the October 23, 1997 letter from the zoning enforcement official.
If the board did not intend November 6, 1997 to be the applicable appeal date the words "without prejudice" would have no meaning, because no new appeal could be instituted within 30 days.
A second letter concerning the October 23, 1997 letter was submitted on December 8, 1997.
While it is certainly true that a statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions which created it, Koepke v. Zoning Board of Appeals,30 Conn. App. 395, 398 (1993); Chestnut Realty, Inc. v. C.H.R.O.,201 Conn. 350, 356 (1986), it is equally clear that the defendant Guilford Zoning Board of Appeals, Judge Pittman, and the Appellate Court all regarded the November 6, 1997 date as controlling, for purposes of jurisdiction.
It can not be said, based upon a review of the record, that the finding is clearly erroneous. CT Page 14367
THE DECISION OF THE GUILFORD ZONING BOARD OF APPEALS IS SUPPORTED BY THE RECORD _______________________________________________________
The Guilford Zoning Board of Appeals found, based on the record before it, that the zoning enforcement officer correctly applied the provisions of § 273-14(A) of the Guilford Zoning Regulations, and that the defendants Gary and Linda Friedlaender were not required to seek or obtain a side yard setback variance.
During the public hearing, Attorney Crosby argued only the provisions of § 273-14(A) in support of his position that a variance was required.
Only after the close of the hearing, did counsel raise the issue of § 273-37 of the regulations, and the applicability of that section to the case before the commission.
Section 273-14(A), as written at the time of the board's decision, talked of an "increase or extension of the nonconformity."
The Friedlaender's home, at the time of the 1997 application, was a legally nonconforming building, subject to the protections afforded by § 8-13a of the General Statutes.[3]
The Friedlaenders did not propose to increase the nonconformity, but to utilize the existing footprint, in compliance with all height requirements, in their project.
The zoning enforcement officer, consistent with past practices, did not require a variance where the existing footprint is used, and the proposal is otherwise conforming.
He had followed this practice for over two decades.
The property owners relied on the verbal opinion given by the official in June of 1997, and did not seek a side yard setback variance.
This court agrees with the Guilford Zoning Board of Appeals, that § 273-14(A) is the applicable section, and the board was justified in refusing to require a side yard variance, in a situation where the footprint is not expanded.
Section 273-27 of the zoning regulations played no part in the hearing, and deals with new buildings or additions, which must conform to CT Page 14368 existing regulations.
That section is inapplicable to a nonconforming building, in which there is no extension of the nonconformity, into an area not previously subject to building coverage.
The defendant Guilford Zoning Board of Appeals was not required to discard past practice, in the face of the opinion by its attorney.
The fact that § 273-14 was amended following the decision appealed from in this case, to deal with an increase in building height[4] is further evidence to support the board's position that the regulation as it existed did not mandate that a variance be obtained.
The position taken by the board in 1998, also finds support in a recent Appellate Court decision, construing a similar regulation, and holding that building over an existing footprint does not constitute an expansion of a nonconforming characteristic of the property. Doyen v. Zoning Boardof Appeals, supra, 600.
The action of the Guilford Zoning Board of Appeals in unanimously sustaining the decision of the zoning enforcement officer was not arbitrary, illegal, or in abuse of the discretion with which it is vested.
The appeal of the plaintiff William Pinchbeck, Executor of the Estate of Kristine Pinchbeck, is therefore DISMISSED.
 ___________________ Radcliff, J.