SPIROS ZINGUS ET AL. *v.* REDEVELOPMENT AGENCY OF THE CITY OF NEW LONDON

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, JS.

Argued April 13—decided June 8, 1971

*C. Robert Satti,* for the appellant (defendant).

*C. George Kanabis,* with whom, on the brief, was *Melvin Scott,* for the appellees (plaintiffs).

RYAN, J. The plaintiffs were the owners of real property located in the redevelopment area of the city of New London, which was taken by eminent domain proceedings instituted by the defendant. On April 29, 1965, a statement of compensation in the amount of $50,000 was filed with the clerk of the Superior Court for New London County. The plaintiffs, claiming the amount of compensation awarded was inadequate, appealed to the Superior Court by application dated June 15, 1965. On September 25,

1965, the case was referred to Hon. Richard H. Phillips, a state referee, for hearing and report. The referee held a hearing, viewed the property, and revised the statement of compensation to $63,300. The report was filed on March 25, 1966. On July 21, 1966, the plaintiffs moved to correct the report of the referee, and pursuant thereto, the referee filed an amended report October 5, 1966, wherein his conclusion as to the amount due to the plaintiffs as compensation for the taking of the property remained unchanged. On December 15, 1966, the plaintiffs filed their exceptions and objections to the acceptance of the report and the amended report of the referee. On June 30, 1967, the court *(Dube, J.)* rejected the report of the referee, sustained the objections to the acceptance of the referee's report, and referred the matter to Hon. Patrick B. O'Sullivan, a state referee, for a new trial. On July 31, 1967, the parties appeared before the referee and were fully heard. On August 7, 1967, referee O'Sullivan filed his report finding that the amount due to the plaintiffs as compensation for their real estate should be $80,000. On August 10, 1967, the plaintiffs filed their motion for acceptance of the report of the referee and judgment thereon. On August 17, 1967, the defendant moved to revoke the order of reference to referee O'Sullivan, to accept the report of referee Phillips, and filed its objections to the acceptance of the report of referee O'Sullivan. On September 1, 1967, the plaintiffs moved to erase the defendant's motion to revoke the order of reference and to strike or expunge the defendant's objections to the report of referee O'Sullivan. On July 2, 1968, the court *(Devlin, J.)* granted the plaintiffs' motion to erase the defendant's motion for revocation of the order of reference to referee O'Sullivan. On Novem-

ber 15, 1968, the court *(Wright, J.)* accepted the report of referee O'Sullivan and judgment was rendered on that report. On November 27, 1968, the defendant appealed to this court.

The defendant assigns error in the action of the trial court in sustaining the plaintiffs' objections to the amended report of referee Phillips dated October 5, 1966, and in the action of the trial court in refusing to accept the amended report of referee Phillips dated October 5, 1966. Error is also assigned in the action of the court in granting the plaintiffs' motion to erase the defendant's motion to revoke the order of reference to referee O'Sullivan. While the defendant has appealed from the judgment rendered on the report of referee O'Sullivan, it does not attack that report directly. It claims in its objections to the report and in this appeal that the court erred in rejecting the report of referee Phillips and in referring the case to referee O'Sullivan and requests that this court reverse the judgment and order that judgment be rendered on the amended report of referee Phillips.

The sequence of events in this case is of importance. The action of the court on June 30, 1967, wherein the objections to the report of referee Phillips were sustained and the matter referred to another referee for a new trial, constituted a final judgment. *State* v. *Fahey,* 146 Conn. 55, 58, 147 A.2d 476. Since the date of the order was June 30, 1967, the provisions of Practice Book § 666 applied.[1]

---

[1] "[Practice Book] Sec. 666. SUSPENSION OF TIME LIMITATIONS IN SUMMER. Where a judgment or decision from which an appeal lies is rendered so late in June that the time for filing an appeal has not expired by July first or where the judgment is rendered or the decision is made in July or August, any party desiring to appeal may, within two weeks after the judgment is rendered or the decision is

The record discloses that no notice of intention to appeal was filed by the defendant. In fact, there is nothing in the record to indicate that the defendant opposed the order of reference or interposed any objection thereto; that it sought any postponement or that it had any good reason for failing to file notice of intention to appeal within two weeks as required by the rule. Indeed, it participated actively in the hearing before referee O'Sullivan on July 31, 1967, when the parties appeared and were fully heard. The referee's report was filed August 7, 1967, and the plaintiffs moved for acceptance of the report on August 10, 1967. It was at this time that present counsel for the defendant appeared for the first time. On August 17, 1967, the defendant, for the first time, indicated its disapproval of the court's order of reference to referee O'Sullivan by filing a motion to revoke that order. This motion was accompanied by a motion to accept the report of referee Phillips dated March 25, 1966, and a third pleading reciting objections to the acceptance of the report of referee O'Sullivan. Numerous objections were urged, all of which were predicated on claimed errors in the action of the court in refusing to accept the report of referee Phillips and its referral of the matter to referee O'Sullivan. On September 1, 1967, the plaintiffs moved to erase the defendant's motion to revoke the order of reference, and the defendant's motion to accept the report of referee Phillips, on the following grounds: First, that

made, file with the clerk a written notice of intention to appeal and, if he does so, the months of July and August shall not be counted in determining the time within which the appeal must be filed; and all limitations of time as regards proceedings to make or complete the record in any case where an appeal has been taken shall be suspended during July and August."

the order of reference was a final judgment from which no appeal was taken; second, that the defendant by its conduct in failing to object, and by its participating in the hearing before referee O'Sullivan, waived any objection to the action taken by the court on June 30, 1967.

On July 2, 1968, the court *(Devlin, J.)* granted the plaintiffs' motion to erase. The defendant's motion to revoke the order of reference was the legal equivalent of a motion to open a judgment. While the granting of such a motion is not an appealable judgment, its denial is. *State* v. *Fahey,* supra, 59. A motion to erase is proper where want of jurisdiction appears on the face of the record. *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 339, 170 A.2d 732. While there is nothing in the record to indicate a lack of jurisdiction, the court had before it a record of long and futile delays, many of which were brought about by a complete disregard of proper procedure. The court undoubtedly considered: the failure of the defendant to file timely notice of appeal from the final judgment of June 30, 1967; its failure to object to the rejection of the report of referee Phillips and the court's reference of the matter to another referee for a new trial; the fact that it made no attempt to postpone the hearing; its active participation in the hearing before referee O'Sullivan; and the absence of a claim of any valid reason for not taking a timely appeal. While the court granted the motion to erase, its action, under the unusual procedural confusion of this case, was tantamount to a simple denial of the defendant's motions, and we shall treat it in this manner. To remand the case to the trial court could not change the result and would be an exercise in futility.

The defendant has never claimed that referee O'Sullivan erred in the conduct of his hearing, or in the substance of his report. The error claimed is that the matter should not have been referred to him in the first instance. In essence, what the defendant sought to accomplish by a revocation of the order of reference was another opportunity to present the claims which it should have presented had it appealed from the order rejecting the report and referring the case to another referee. But no appeal from this order was seasonably taken. Claimed errors which might have been assigned on such an appeal are no longer open to review. *State* v. *Fahey,* 147 Conn. 13, 16, 156 A.2d 463; *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 235, 167 A. 715. There is nothing in the record of this case to indicate that opening the judgment would prevent a miscarriage of justice. *State* v. *Fahey,* supra; *Ideal Financing Co.* v. *LaBonte,* 120 Conn. 190, 196, 180 A. 300. Nor is there anything to indicate that the court abused its discretion by its refusal to revoke the order of reference. For the same reasons the action of the court *(Wright, J.)* in accepting the report of referee O'Sullivan and rendering judgment thereon was correct.

The remaining claims urged in the defendant's brief cannot be considered since no error was assigned with reference to them.

There is no error.

In this opinion the other judges concurred.