JAMES OTTO MARSHALL *v.* WILLIAM CLARK ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and MACDONALD, Js.

Argued November 13, 1975—decision released February 10, 1976

*R. William Bohonnon,* for the appellant (plaintiff).

*Edward S. Snyder,* with whom, on the brief, was *Benjamin M. Chapnick,* for the appellee (defendant Gail C. Marshall).

HOUSE, C. J. This appeal has been taken from a judgment of the Superior Court in New Haven County (*Berdon, J.*) rendered in a habeas corpus

proceeding concerning the custody of the three minor children of James Otto Marshall and Gail C. Marshall. The facts are somewhat complicated. From the unattacked finding of the court, the following facts appear: The plaintiff father has been and is domiciled in Florida. The defendant mother, hereinafter referred to as the defendant, was domiciled in Tennessee from June, 1969, to February, 1973. The three children lived with their mother during the period of her domicile in Tennessee except that the son, James, was allowed by the defendant to visit his father for a few months in the summer of 1972. He stayed longer than the defendant wished and in February, 1973, the defendant went to Florida and took him from the home of the plaintiff without informing the plaintiff. On January 27, 1970, the plaintiff had obtained a Mexican divorce from the defendant and that decree made no provision for support or custody of the children. In March, 1970, the parties, entered into a written agreement which provided that the defendant should have custody of the children, subject to the right of reasonable visitation in the plaintiff, which right included having the children for at least six weeks during the summer. In 1972, the defendant, concerned over the possible illegality of the Mexican divorce, secured a divorce from the plaintiff in Tennessee. Although the plaintiff was hospitalized in Tennessee when the defendant started her divorce proceedings there, she alleged that he was a nonresident and he was served only by publication. The Tennessee divorce decree, dated July 26, 1972, awarded custody of the three children to their mother. In September, 1972, the plaintiff brought an action in Florida for custody of the son, James, who had been visiting him there.

In that action the defendant appeared by counsel and filed an answer and counterclaim. In November, 1972, the plaintiff amended his custody petition to claim custody of all three children. It was while this custody proceeding was still pending in Florida that the defendant took James from the home of his father and brought all three children to the home of her sister in Connecticut. She then went to Texas where she had obtained employment. In April, 1973, the plaintiff brought the present habeas corpus action in the Superior Court in New Haven, naming the defendant's sister and the latter's husband, Sharon Clark and William Clark, as defendants and seeking custody of the three children. In response to the plaintiff's petition for habeas corpus, the defendant's sister and her husband delivered the three children to the court which referred the matter to the family relations division to make an investigation and report as to what action the best interests of the children required. The defendant learned of the habeas corpus proceedings in early April, 1973. On April 10, 1973, the Superior Court granted her motion to intervene as a defendant. On May 30, 1973, the family relations division filed its report recommending that custody of the three children be awarded to the plaintiff, and on June 13, 1973, the court (*Fitz-Gerald, J.*) granted temporary custody of the three children to the plaintiff with the right to remove them from Connecticut to his home in Florida upon giving bond in the amount of $5000. The plaintiff furnished the bond the same day and removed the children to Florida. After the children were removed to Florida and while they were residing there with the plaintiff, on August 15, 1973, the Circuit Court of the Fifteenth Judicial Circuit of

Florida, in and for Palm Beach County, entered a decree in the plaintiff's pending custody action there awarding custody of the three children to him.

Meanwhile, on June 13, 1973, the defendant filed a motion to dismiss the habeas corpus proceeding still pending in New Haven. The parties were heard by the court and on September 25, 1973, the court (*Berdon, J.*) rendered the judgment from which the present appeal has been taken.

The judgment is an unusual one. It recites that the court found that neither parent was domiciled in Connecticut; that the domicile of the father is Florida and that of the mother is Texas; that the children were in this state temporarily; that "the welfare of the minor children does not appear to be the issue"; that neither parent is unfit to have custody; that "the parties herein should be left to adjudicate their rights in the forum that has jurisdiction by reason of the domicile of the minor children," but, nevertheless, that "said application should not be dismissed." After stating that the plaintiff's application for the writ of habeas corpus should not be dismissed, the judgment further "adjudged" that the parties "should be returned to their status quo before this application for writ of habeas corpus was instituted," and further ordered "that said minor children be delivered to the defendant Gail Frances Coomes Marshall, in the State of Connecticut within two weeks of the date of this judgment, and at such time and place within this state as may be agreed upon by the plaintiff and the defendant Gail Frances Coomes Marshall; that if the said defendant and the plaintiff cannot agree, the court upon application, shall specify the time and place; that thereupon the order of temporary

custody is to be revoked; that upon the return of the minor children, as aforesaid, and upon certification to this court by counsel for the defendant, Gail Frances Coomes Marshall, that the same has been accomplished, the bond furnished by the plaintiff shall be released and this action dismissed."

Subsequently, the plaintiff father filed with the court a motion to modify this judgment, citing the court's finding that the welfare of the minor children does not appear to be in issue and that the parties should be left to adjudicate their rights in the forum that has jurisdiction by reason of the domicile of the children. On the basis of these findings of the court, the plaintiff, in his motion, submitted that the court had found that it had no jurisdiction and, accordingly, asserted that the court had no authority to pass further orders save one dismissing the action. For these reasons the plaintiff moved that the court's judgment rendered on the defendant's motion to dismiss for lack of jurisdiction be modified by deleting therefrom any orders other than the dismissal of the action itself. The court (*Berdon, J.*) denied this motion without filing a memorandum of decision and the plaintiff then took the present appeal from the judgment of the court and its denial of his motion to modify that judgment.

Although the court made no express finding that it lacked jurisdiction to decide the merits of the habeas corpus action and did direct that the action not be dismissed until some time in the future, contingent upon compliance with other orders contained in its judgment, it is nevertheless apparent that the court correctly, in view of its findings, concluded that in fact it did lack jurisdiction. The briefs of both parties have been submitted on that assumption. That ultimate conclusion is also

implicit in the trial court's conclusions that the sole issue before it was whether or not it had jurisdiction to entertain the application for the writ of habeas corpus, that neither parent is domiciled in Connecticut, that the children were in this state only temporarily, that their welfare did not appear to be in issue, and that neither parent is unfit to have custody. While the court's conclusion that the parties should be left to adjudicate their rights in the forum that has jurisdiction by reason of the domicile of the children would be consistent with an interpretation of the judgment that the court did have jurisdiction but chose to abstain from an exercise of that jurisdiction, such an interpretation would be inconsistent with the court's final conclusion that it would "not just dismiss the application" but would enter further orders and direct dismissal upon compliance with those orders.

In the light of this interpretation of the court's judgment finding that it lacked jurisdiction, we then come to the question of the validity of the further orders of the court contained in the same judgment. These provided that the children (then living in Florida with their father to whom custody had been awarded by the judgment of a Florida court) be delivered to the defendant mother in Connecticut within two weeks if the parties could agree upon the time and place for delivery, otherwise, as the court upon application should specify, that thereupon the order of temporary custody "is to be revoked" and "the bond furnished by the plaintiff shall be released and this action dismissed."[1] The

[1] That there had been no compliance with these October, 1973, orders of the court as late as June 2, 1975, is indicated by a transcript in the court's file of proceedings on that date in which the court declared the plaintiff's bond forfeited.

question of the validity of these orders has been fully briefed and argued on this appeal.

The rule of law is succinctly stated in *O'Leary* v. *Waterbury Title Co.,* 117 Conn. 39, 43, 166 A. 673: "A court is without power to render a judgment if it lacks jurisdiction of the parties or of the subject-matter, one or both. In such cases, the judgment is void, has no authority and may be impeached." As it was stated in *Martin* v. *Hunter's Lessee,* 14 U.S. (1 Wheat.) 304, 364, cited by this court in *Clover* v. *Urban,* 108 Conn. 13, 17, 142 A. 389: "It is an acknowledged principle of . . . every court in the world, that not only the decisions, but every thing done under the judicial process of courts, not having jurisdiction, are, *ipso facto,* void." "When . . . the court saw that it had no jurisdiction . . . , then, without reference to its other rulings, it was its duty to go no farther in the consideration of the case, and to dismiss it." *Wheeler* v. *New York, N.H. & H.R. Co.,* 71 Conn. 270, 282, 41 A. 808, cited with approval in *Charislonk* v. *New York, N.H. & H.R. Co.,* 101 Conn. 356, 358, 125 A. 874. This is an accepted principle of established law. As stated in 20 Am. Jur. 2d 457, Courts, § 97: "The general rule is that proceedings conducted or decisions made by a court are legally void where there is an absence of jurisdiction over the subject matter" and "a court devoid of jurisdiction over the case cannot make a decision in favor of either party. It can only dismiss the case for want of jurisdiction."

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to dismiss the plaintiff's petition.

In this opinion the other judges concurred.