[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (106)
The present action has been brought under the provision of General Statutes 4-183(a) by plaintiff whose employment with the Department of Correction has been terminated. The basis of the claim is the department's failure to follow the terms of a consent decree entered by a federal court. The decree itself is not a part of the pleadings.
The named defendant is the Department of Corrections Administrative Review Committee.
Defendant has moved to dismiss the action claiming that it is not an appeal from a final decision as defined by the Uniform Administrative Procedure Act. For reasons stated, the motion must be granted.
A motion to dismiss is the proper pleading by which to assert lack of subject matter jurisdiction at any time during the proceedings. Conn. Prac. Bk. 143; Neyland v. Board of Education, 195 Conn. 174, 177 (1985). If it is found that the court lacks jurisdiction, the action must be dismissed. Conn. Prac. Bk. 145; Marshall v. Clark, 170 Conn. 199, 205 (1976). It is well settled that appeals to courts from administrative officers or boards exist only under statutory authority and that unless a statute provides for such appeals the courts are CT Page 790 without jurisdiction to entertain them. Kosinski v. Lawlor,177 Conn. 420, 25 (1979).
On the vital question of whether or not the action has been properly brought under the Act, a quick glance causes warning lights to flash red.
This purports to be an administrative appeal under the Act but there is no record of the proceedings before the agency and plaintiff's counsel states that he will call witnesses and proceed as in the usual civil action. In this connection see4-183(g) and (i). Also, the prayer for relief goes well beyond what the court would be expected to do in an appeal under the Act. See, 4-183(j) and (k).
This action has been instituted under the provisions of General Statutes 4-183(a) which provides that:
 A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section.
The above section limits actions under its terms to appeals from "final decision." Section 4-166 (3) defines a final decision, in pertinent part, as "the agency determination in a contested case". A contested case is defined as follows:
 (2) "Contested case" means a proceeding, including but not restricted to rate-making, price fixing and licensing, in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held, but does not include proceedings on a petition for a declaratory ruling under section 4-176 or hearings referred to in section 4-168;
The test for determining a contested case has been well established and requires an inquiry into three criteria: "(1) whether a legal right, duty or privilege is at issue; (2) and is statutorily required to be determined by the agency; (3) through an opportunity for hearing or in which a hearing is in fact held." Herman v. Division of Special Revenue, 193 Conn. 379,382 (1984). In the case at hand, aside from the first and third criteria, there has been no showing that the second criteria applies. There has been no showing of any statute which required any proceeding to determine the rights which CT Page 791 plaintiff claimed were violated.
Since there is no indication that plaintiff is appealing from a "contested case" there is no legal basis for an appeal under General Statutes 4-183(a). Therefore, the court lacks jurisdiction to proceed with the appeal.
Accordingly, the motion to dismiss is granted.
PURTILL, J.