[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO OPEN JUDGMENT #105
A review of the file and court records discloses the following chronology of pertinent events. This case appeared on the Dormancy Calendar G dated February 10, 1994 at position number 67. Said calendar was called and heard by the court on April 12, 1994. Neither party appeared at the April 12, 1994 calendar call to request an exemption from dormancy and neither party filed a motion to exempt this matter from a dormancy dismissal. The matter was dismissed on June 24, 1994 and notices of dismissal were sent out on July 1, 1994. Plaintiff's motion for judgment was claimed at the July 11, 1994 short calendar call and was thereafter granted by the court. Defendant now moves to open said judgment and claims that the court lacked jurisdiction to enter same.
Judgment of dismissal under Practice Book § 251 entered in this matter on June 24, 1994. Thereafter, the court was without jurisdiction. "No principle is more universal than that the judgment of a court without jurisdiction is a nullity." Such a CT Page 10319 judgment, whenever and wherever declared upon as a source of a right, may always be challenged. Samson v. Bergin, 138 Conn. 306,312 (1951). Also see Restatement, Judgments, § 11.
"While it is true that, by their terms, neither General Statutes § 52-212a nor Practice Book § 326 authorized the trial court to open and modify its judgment, it is clear that, under the common law, a trial court has inherent authority to open and modify a judgment it rendered without jurisdiction. Such a judgment is void ab initio and is subject to both direct and collateral attack." "It is an acknowledged principle of . . . every court in the world, that not only the decisions, but every thing done under the judicial process of courts, not having jurisdiction, are, ipso facto, void." See Martin v. Hunter's Lessee, 14 U.S. 304, 364
(1816); Chrysler Credit Corporation v. Fairfield Chrysler PlymouthInc., 180 Conn. 223, 229; Marshall v. Clark, 170 Conn. 199, 205;Broaca v. Broaca, 181 Conn. 463, 467, 468 (1980).
The parties knew or should have known that this matter had been dismissed when the court was requested to enter judgment on July 11, 1994. The judgment which was inadvertently entered was a nullity in that the court no longer had jurisdiction since the matter had been dismissed on June 24, 1994.
Defendant's motion to open judgment is granted.
BALLEN, JUDGE CT Page 10320