[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Since 1968, the McDonald's Corporation has operated a restaurant at the so-called Fairfield Circle, 536 Post Road Fairfield, Connecticut. In 1993, an application for a special use permit was filed seeking authorization to demolish the existing restaurant and replace it with a modern facility that included drive-thru window service. After conducting a hearing, the Fairfield Plan and Zoning Commission (hereinafter Fairfield P Z) approved the application. Thereafter the plaintiff, H.J.J., Inc., and others[1] brought this administrative appeal challenging the granting of the special permit. CT Page 11281-N
The plaintiff claims that 1) the special permit application failed to comply with the Fairfield Zoning Regulations in that it failed to correctly identify the owners of the property and further failed to state the owners' authorization for the application; 2) the special permit application failed to comply with 8-7c of the Connecticut General Statutes concerning the disclosure requirements for land that is owned in trust; 3) the application failed to comply with the required stacking area for cars as mandated by the Fairfield Zoning Regulations concerning drive-thru window service and 4) the Fairfield P Z failed to properly apply the general requirements of the regulations concerning traffic.
For the reasons set forth below, the court finds that the plaintiff has failed to prove that it has been aggrieved by the decision of the Fairfield P Z and accordingly the appeal is ordered dismissed.
AGGRIEVEMENT
It is axiomatic that pleading and proof of aggrievement are essential to establish subject matter jurisdiction over an administrative appeal. Hughes v. Town Planning and ZoningCommission, 156 Conn. 505, 507, 509 (1968); Bakelaar v. WestHaven, 193 Conn. 59, 65 (1984); Hartford Distributors Inc. v.Liquor Control Commission, 177 Conn. 616, 622 (1979). The plaintiff has the burden of proof on aggrievement. Beckish v.Manafort, 175 Conn. 415, 419 (1978).
Section 8-8 of the Connecticut General Statutes allows an appeal to be brought by 1) persons aggrieved by a decision of a planning and zoning commission or 2) any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the commission. § 8-8(a)(1). Aggrievement based upon a plaintiff's status as an "aggrieved person" is known as "classical aggrievement". Pierce v. ZoningBoard of Appeals, 7 Conn. App. 632, 636 (1986). Aggrievement based on the plaintiffs ownership of land within the designated distance is known as "statutory aggrievement." Nick v. Planningand Zoning Commission, 6 Conn. App. 110, 111 n. 3 (1986). In this case, H.J.J., Inc. claims to be classically aggrieved. There was no evidence offered as to the distance between the McDonald's property and H.J.J., Inc.'s property and no claim of statutory aggrievement has been made. CT Page 11281-O
The requirements to establish classical aggrievement are well settled. First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community. Walls v. Planning Zoning Commission, 176 Conn. 475,477-78 (1979). Second, the party must prove that this specific, personal and legal interest has been specially and injuriously affected by the decision. Id. Classical aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected. Hall v. Planning Commission, 181 Conn. 442,445 (1980). It is also well settled that a business competitor may not establish aggrievement merely because the decision may result in increased competition and diminution of business.McDermott v. Zoning Board of Appeals, 150 Conn. 510, 514 (1963). However, the fact that one is a business competitor does not disqualify him from being aggrieved for other valid reasons. Id.
H.J.J., Inc. owns and operates the Duchess Restaurant located at 625 Post Road, Fairfield. This business is located diagonally across the street from the McDonald's. In January 1993, the Fairfield P Z approved a special use permit to add drive-thru service at the Duchess Restaurant. The vice president of H.J.J., Inc., Michael Berkowitz, testified that there is a substantial amount of traffic in the area and that the addition of the drive-thru window brought additional business to the Duchess Restaurant. Berkowitz stated that at times the driveway to the Duchess becomes blocked because thirteen to fourteen cars are stacked waiting for drive-thru service.
H.J.J., Inc. claims that the proposed new McDonald's facility with drive-thru service will result in increased traffic congestion at the driveways to the McDonald's and that the Duchess restaurant will feel the effects of this congestion causing difficulty for its customers and employees to get in and out of the business. In support of this claim, H.J.J., Inc. offered the testimony of Louis Reynolds, a traffic expert. Mr. Reynolds stated his opinion that the improvements proposed by McDonald's would substantially worsen the traffic situation at the driveways to the McDonald's and thereby cause increased traffic congestion at the Duchess Restaurant. This opinion was based on his critique of the traffic analysis done by Atlantic Traffic and Design Engineers Inc. (hereinafter Atlantic). The CT Page 11281-P Atlantic report was presented by the McDonald's Corporation to the Fairfield P Z. Mr. Reynolds did not do any independent analysis of the existing traffic at the McDonald's location. Moreover, neither Atlantic nor Mr. Reynolds did any traffic analysis at the driveway to the Duchess Restaurant.
The existing McDonald's restaurant is located within the median area between Boston Post Road and Kings Highway. Both roadways allow only one-way traffic, with Kings Highway having three westbound lanes and Boston Post Road have two eastbound lanes. At the site of the McDonald's, the roadways split with one-way eastbound traffic travelling to the south and one-way westbound traffic to the north. The existing McDonald's has four driveways. Two access Boston Post Road and two access Kings Highway. There is no internal circulation of traffic around the building. The Atlantic traffic study found that notwithstanding the entrance and exit signs (which contemplate one ingress and one egress on both King's Highway and Boston Post Road) as a matter of practice vehicles enter and exit the site from all four driveways. Moreover, on site observations by Atlantic during peak business hours revealed that the existing driveway configuration causes drivers to regularly make unusual movements such as u-turns where motorists exit the site and then drive back in.
The proposed new McDonald's has a completely revamped traffic flow that permits circulation around the building. This would permit a vehicle entering from the Boston Post Road side to access any parking space on the property without having to drive back on to the public highway and re-enter the site. In addition, the proposed McDonald's has a drive-thru window whereby cars would enter from Kings Highway and proceed around the building to the drive-thru window. The Atlantic report concluded that the proposed changes, even anticipating an increase in traffic volume from the added drive-thru service, would significantly improve the traffic flow at the site. Atlantic also concluded that because of the multi lane one-way nature of the roadways on either side of the site, the increased traffic would not reduce the existing efficiency level for either Boston Post Road or Kings Highway.
After considering the full record in this case, including the testimony presented at the September 8, 1995 hearing and the evidence presented to the Fairfield P Z, the court finds that H.J.J., Inc. has not proven a specific, personal and legal interest that has been injuriously affected by the decision of CT Page 11281-Q the Fairfield P Z. The court finds that the changes in traffic flow that will occur at the proposed new McDonald's are more likely to improve what is at present and unsatisfactory traffic pattern rather than worsen the situation. The court further finds that despite the increased traffic anticipated because of the new drive-thru service, such additional traffic is not likely to diminish significantly the existing levels of efficiency at either Kings Highway or Boston Post Road.
H.J.J., Inc. correctly points out that a plaintiff can establish classical aggrievement by proving that the proposed development will especially and injuriously affect the plaintiff's business due to a probability of increased traffic hazards and traffic congestion. See Gregorio v. Zoning Board ofAppeals of the Town of Windsor, 155 Conn. 422 (1967); McDermottv. Zoning Board of Appeals, supra, 150 Conn. 513. However, mere generalizations and fears do not establish aggrievement. Wallsv. Planning Zoning Commission of the Town of Avon, 176 Conn. 475,478 (1979). Moreover, fear of competition harmful to one's business does not constitute aggrievement. Motts Realty Corp. v.Town Planning Zoning Commission, 152 Conn. 535, 537 (1965).
An important fact distinguishing this case from the Gregorio
line of cases relied upon by H.J.J., Inc. is that here the proposed special use concerns an existing business. A McDonald's restaurant has been in operation at the site for over a quarter of a century. The claim of increased traffic only concerns the extra traffic that may result from drive-thru service at the new facility. This drive-thru traffic will enter from the Kings Highway side of the McDonald's and not the Boston Post Road side where the Duchess Restaurant is located. Given this configuration, the court does not find the interest of H.J.J., Inc. to be different from that of the general community. In addition, for the reasons detailed above, the revamped traffic pattern at the new McDonald's is more likely to improve the traffic flow in the area rather than harm it. Finally, it is clear from the testimony that the traffic problems at the Duchess Restaurant are mostly of its own making and due to its addition of drive-thru service in 1993. For all these reasons, the court finds that H.J.J., Inc. has failed to prove aggrievement.
The failure of the plaintiff to prove aggrievement requires that this appeal be dismissed. Since the court lacks subject matter jurisdiction, it is inappropriate to rule on the merits of the appeal. Marshall v. Clark, 170 Conn. 199, 205 (1976); see CT Page 11281-R also Doe v. Heintz, 204 Conn. 17, 38 (1987) (Peters, J. concurring) (trial court should not give an advisory opinion on matters beyond its power to adjudicate).
CONCLUSION
The plaintiff, H.J.J., Inc., has failed to meet its burden to prove aggrievement. Accordingly, the appeal is ordered dismissed.
So ordered at New Haven, Connecticut this 25th day of October, 1995.
Robert J. Devlin, Jr., Judge