[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO CORRECT #109
The facts that give rise to the present motion are not in dispute. The plaintiff Hydropress filed this five count complaint against its former attorney, Matthew Paladino, on August 8, 1996, alleging breach of contract, misrepresentation, malpractice, conversion, and violation of the Connecticut Unfair Trade Practices Act. The plaintiff filed a motion for default for failure to appear and a claim for a hearing in damages on November 5, 1996. No appearance having been filed, the clerk entered the default that same day and scheduled a hearing in damages.
The defendant filed an pro se appearance with the court on December 9, CT Page 9386 1996. On December 10, 1996, the date on which the hearing in damages had been scheduled, the defendant did not appear, and the court, Mulvey, J.T.R., entered judgment against the defendant in the amount of $132,503.41 plus costs. The defendant's appearance apparently had not yet reached the court's file. The plaintiff does not dispute that had the appearance been noted by the court, the case should have been stricken from the hearing in damages list and not proceeded to judgment.
The file reflects no further activity, other than examination of judgment debtor proceeding in November of 1997, until the defendant's present counsel filed the instant "motion to correct" on August 2, 2000.[1] The plaintiff filed a memorandum in opposition, and the undersigned heard oral argument on May 29, 2001. The defendant, recognizing that his motion was filed well beyond the normal four month limit for the filing of motions to open judgment, argues that the court nonetheless has jurisdiction to entertain it because various aspects of it implicate the court's subject matter jurisdiction to have granted the original judgment.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. . . ." (Citations omitted; internal quotation marks omitted.)Ambroise v. William Raveis Real Estate, Inc., 226 Conn. 757, 764-65,628 A.2d 1303 (1993). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997). "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." Demar v. Open Space Conservation Commission,211 Conn. 416, 425, 559 A.2d 1103 (1989).
The defendant argues that pursuant to Practice Book § 17-20(c), the court lacked subject matter jurisdiction to render judgment on the default after the defendant filed an appearance with the court. Alternatively, the defendant argues that the court lacked jurisdiction to enter judgment because the plaintiff's claim for a hearing in damages was prematurely filed pursuant to Practice Book § 17-20(c),[2] the writ, summons, and complaint were returned five days before the return date in violation of General Statutes § 52-46a,[3] and the plaintiff failed properly to allege a contract between the defendant and the plaintiff.[4]
The plaintiff contends that the defendant's "motion to correct" is in fact a "motion to open" which should be summarily denied because the CT Page 9387 motion to open should be filed within four months of receiving notice of a judgment.[5] The plaintiff argues that to open the judgment almost four years later would be extremely prejudicial and that the acknowledged procedural flaws in the present case do not lead to an absence of subject matter jurisdiction. Alternatively, the plaintiff argues that even if the procedural flaws affected the court's jurisdiction, the court should not apply the rule in this case considering that the defendant is an attorney, has waited almost four years to question the validity of the judgment rendered by the court.
A "motion to correct" is more appropriately referred to as a motion to open and modify judgment. Broaca v. Broaca, 181 Conn. 463, 466 n. 1,435 A.2d 1016 (1980). "If a court has never acquired jurisdiction over a defendant or the subject matter, . . . any judgment ultimately entered is void and subject to vacation or collateral attack." (Internal quotation marks omitted.) Broaca v. Broaca, supra, 468. "[T]he court's power to open and modify a portion of a judgment that it had rendered without jurisdiction is inherent and may be exercised at any time." Id., 469.
Practice Book § 17-20(c) provides, in relevant part: "If the defaulted party filed an appearance in the action prior to the entry of judgment after default, the default shall be automatically set aside by the clerk." While the procedure of § 17-20 (c) was not followed in the present case, the defendant has directed the court to no authority whatsoever for the proposition that such a procedural flaw deprives the court of jurisdiction over the subject matter. The fact that Practice Book § 17-20(c) provides that the default should have been automatically set aside in the present case before the damages judgment was rendered does not leave the court without subject matter jurisdiction. It merely provides the defendant with an opportunity to file a timely motion to open and set aside the improperly entered judgment. The defendant found himself in a situation which he could have readily corrected by filing a timely motion to open, and his failure to do so must be deemed a waiver of this issue. Instead, he inexplicably waited nearly four years to raise an argument that he could and should have filed within four months of receiving notice of the judgment in accordance with Gen. Stats. § 52-212.
The defendant's alternative arguments also fail because none of the procedural flaws affects the court's jurisdiction. The premature claim for a hearing in damages pursuant to Practice Book § 17-20(c), does not leave the court without subject matter jurisdiction but rather is merely another procedural error which the defendant should and could have brought to the court's attention within the four month time frame contemplated by General Statutes § 52-212. Additionally, the late return of service pursuant to General Statutes § 52-46a renders the CT Page 9388 judgment not void but merely voidable, Coppola v. Coppola, 243 Conn. 657,661-62, 707 A.2d 281 (1998), and noncompliance with General Statutes § 52-46a, therefore, does not leave the court without subject matter jurisdiction. The defendant's argument that the plaintiff failed properly to allege a contract between the parties goes to the sufficiency of the pleadings, not jurisdiction.
For all of the above reasons, the "motion to denied.
Jonathan E. Silbert, Judge