[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue presented is whether a complaint brought by the original plaintiff against an apportionment defendant must be dismissed when the apportionment complaint brought by an original defendant has been stricken. On the facts of this case, I find that this complaint should be dismissed, though my reasoning is slightly different from that advanced by the parties.
The facts are relatively straightforward. The plaintiff Bonnie Carpenter filed a complaint against Dressler and Niestat in February 13, 2001. The complaint sounded in legal malpractice and claimed that because of several deficiencies in performance she was forced to settle for less than she should have. In a timely manner, Niestat served an apportionment summons and complaint against the Haymond defendants. Again in a timely manner, while the apportionment complaint was pending, the plaintiff "pleaded over" against the Haymond apportionment defendants pursuant to § 52-102b (d) of the General Statutes. Meanwhile, the apportionment defendant moved to strike the apportionment complaint, on the grounds that the authorizing statute, § 52-102b, does not apply to actions sounding in legal malpractice and, additionally, that public policy prohibits bringing into the action successor counsel. The court, Hennessey, J.T.R., granted the motion to strike on both grounds. The Haymond apportionment defendants now move to dismiss the plaintiff's complaint against them, on the ground that the dismissal of the original apportionment complaint logically results in the dismissal of the plaintiff's "pleading over" complaint.
Both sides have presented Superior Court decisions yielding different results in similar factual decisions, and I must agree that arguments on both sides have merit. It seems to me, however, that the issue is one of jurisdiction. If the court had subject matter jurisdiction and personal jurisdiction at the time the apportionment complaint was pending, and the plaintiff's complaint filed pursuant to § 52-102b (d) was otherwise unexceptionable, then I see no reason why the complaint should CT Page 3640 mechanically be dismissed. See Sibilla v. Savin Harbor CondominiumAssociation, Inc., 2001 WL 1355640 (Blue, J.).[1] The complaint may of course be subject to other attacks, such as statute of limitations, but if the court has jurisdiction over the subject matter and the parties at the time a pleading is filed, I see no persuasive reason why the pleading should automatically be found, nunc pro tune, to be void.
But if the apportionment defendant is not properly before the court because subject matter jurisdiction is lacking, then a persuasive line of authority suggests that the judicial process is void ab initio. See, e.g., Koennicke v. Maiorano, 43 Conn. App. 1, 22-26 (1996) (Where the court has no subject matter jurisdiction, "everything done under the judicial process of courts not having jurisdiction is, ipso facto, void,"id. at 25); Chrysler Credit Corporation v. Fairfield Chrysler-Plymouth,Inc., 180 Conn. 223, 229 (1980), and cases cited therein (Loiselle, J., concurring). If subject matter jurisdiction is lacking, then the process issued would appear, under the above line of authority, to be void as well. See Marshall v. Clark, 170 Conn. 199, 205 (1976); Clover v. Urban,108 Conn. 13, 17-18 (1928). If subject matter jurisdiction was lacking in the case at hand as to the apportionment complaint, then there was no valid process and the Haymond defendants were not properly before the court. If a plaintiff does not independently arrange for service of process in a proper manner, then subsequent actions as to the apportionment defendant will be void as well. It would certainly seem that a court's jurisdiction cannot be bootstrapped by reasoning that once a party is before the court, whether properly or not, then pleadings are ipso facto effective.
On the facts of this case, then, did the court have jurisdiction of the apportionment complaint? It is true that the pleading attacking the apportionment complaint was a motion to strike, whereas a motion to dismiss is ordinarily used to attack the court's jurisdiction. See, e.g., §§ 10-30 and 10-31 of the Practice Book. Of course, if a court does not have jurisdiction of a matter, then there frequently may be no ground stated on which relief can be granted. The public policy ground of the motion to strike, that successor counsel ought not be brought into an action by apportionment, would not constitute a jurisdictional ground. Because the apportionment statute, § 52-102b is in derogation of common law, and the action could not be brought in the absence of the authorizing statute, a limitation incorporated into the authorizing statute is jurisdictional. See, e.g., Ecker v. West Hartford,205 Conn. 219, 232 (1987). Section 52-102b is by its terms expressly limited to "actions to which section 52-572h applies"; § 52-102b
(a); and § 52-572 (h) applies only to negligence actions "to recover damages resulting from personal injury, wrongful death or damage to CT Page 3641 property." Section 52-572h (c). The court, then, pursuant to the reasoning of Ecker, had no subject matter jurisdiction over the apportionment complaint. That being so, the Haymond defendants were never properly before the court, because the judicial process was void, and the plaintiff's complaint "pleading over" must be dismissed as well.
This is not a harsh or unjust result. The apparent purpose of §52-102b (d) is to prevent a plaintiff's recovery, otherwise appropriate, to be reduced by the proportionate share of negligence attributed to an apportionment defendant. A plaintiff can eliminate that injustice, other things being equal, by pleading over within the mandated time frame. Once the apportionment complaint has been dismissed, however, the danger addressed by § 52-102b (d) has been eliminated.
And if for some reason the plaintiff decides that it would be a good idea to assert a cause of action against the putative apportionment defendant, in circumstances where the action was not initially brought against that party, the plaintiff can institute an action against the party by traditional methods, presumably either by seeking to amend the complaint to add a party defendant or by instituting an entirely new action. Either way, service would be needed to obtain jurisdiction; the plaintiff cannot avail herself of void service.
The motion to dismiss is granted.
Beach, J,